U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 1 8 2018

TONY R. MOORE, CLERK
BY: _____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

KEISHA LANELLE THOMAS     CIVIL ACTION NO. 1:16-01017

VERSUS     JUDGE JAMES T. TRIMBLE, JR.

CAROLYN W COLVIN

## MEMORANDUM RULING

Before the court is a motion for attorney fees pursuant to the Equal Access to Justice Act (R. #15),[1] wherein counsel for Plaintiff is seeking $5,752.56 as the prevailing Plaintiff in this Social Security case.[2] Attached to the motion are billing statements and/or relevant documents to support the requested attorney fees, costs and expenses.

Plaintiff avers that she is entitled to the attorneys' fees because the Commissioner was not substantially justified in denying her application for Social Security Income benefits due to her disability. The Administrative Law Judge ("ALJ") found that Plaintiff was still able to perform the full range of light work, and thus, could perform her past relevant work as a cashier. In adopting the Magistrate Judge's Report and Recommendation, this court determined that the conclusions of the ALJ were not supported by substantial evidence. Specifically, none of the medical evidence or testimony in the record supports the ALJ's findings that Plaintiff has the residual functional

---

[1] 28 U.S.C. § 2412.
[2] On January 24, 2018, the undersigned rendered a Judgment (R. #13) adopting the Report and Recommendation of the Magistrate Judge which vacated the Commissioner's final decision and remanded the matter to the Commissioner for further proceedings.

1

capacity to perform the full range of light work, and the record was inconclusive as to whether there are any jobs existing in sufficient numbers in the national economy which Plaintiff could perform given her true impairments. The matter was remanded to the Commissioner for further proceedings.

Plaintiff has asked the court to award attorney fees in the amount of $5,729.99; 25.8 hours at an hourly rate of $191.86,[3] 7.8 hours at an hourly rate of $100.00, and expenses in the amount of $22.57. Defendant argues that the hourly attorney rate of $191.86 is excessive and requests that the court award $150.00 per hour. Defendant makes no other objection to Plaintiff's motion. In addition, Plaintiff's counsel has filed into the record a letter dated May 15, 2018 wherein he informs the court that he does not object to a reduction in his hourly rate to $150.00.[4] The court finds that an hourly rate of $150.00 is a more reasonable rate. We calculate an award of attorney fees as follows:

```
        25.8 X $150.00 = $ 3,870.00
         7.8 X $100.00 =     780.00
        costs                 22.57
                          =======
Total award              $4,672.57
```

Next, Plaintiff's attorney requests that the court issue a check for the total award of attorney fees payable directly to himself, Howard D. Olinsky. Plaintiff's attorney relies on an "Affirmation and Waiver of Direct Payment of EAJA Fees"[5] wherein Plaintiff agrees to waive direct payment of the EAJA fees and further agrees to assign said fees directly

---

[3] Plaintiff's attorney bases this rate on the Consumer Price Index.
[4] R. #18.
[5] Plaintiff's exhibit F, R. #15-6.

2

to her attorney.[6] Plaintiff's counsel also remarks that the assignment is valid because Plaintiff did not owe a federal debt.[7]

The Supreme Court has clearly held that attorney fees payable under the EAJA are payable to the litigant, not Plaintiff's attorney.[8] Defendant objects to the attorney fees being paid directly to Plaintiff's counsel because the assignment of attorney fees does not meet the requirements of the Anti-Assignment Act (A-A Act).[9] Defendant argues that a valid assignment may only be made after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued.[10] Defendant remarks that the assignment is also not valid because it was not attested to by two (2) witnesses.[11]

Defendant informs the court that the Commissioner has not waived the A-A Act and notes that similar attempts wherein an assignment was executed in order for a plaintiff's attorney to receive a direct payment have been rejected.[12] The court agrees with the Government and finds that a proper assignment has not been executed and the Government has not waived the A-A Act. Accordingly, Plaintiff's counsel's request to have the award of attorney fees made payable directly to him will be denied.

## **CONCLUSION**

For the reasons set forth above, the motion for attorney fees is hereby **GRANTED** to the extent that the court will award Plaintiff attorney fees and costs in the total amount

---

[6] Id. ¶ 5.
[7] Plaintiff's counsel relies on <u>Astrue v. Ratliff,</u> 560 U.S. 586, 130 S.Ct. 2521 (2010).
[8] Id.
[9] 31 U.S.C. § 3727.
[10] See 31 U.S.C. § 3727(b).
[11] "The assignments shall specify the warrant, must be made freely, and must be attested to by 2 witnesses." Id.
[12] See <u>Montgomery v. Colvin</u>, Civ. Action No. 3:14-3120. Judge Robert G. James, R. #30 and 31.

3

of $4,672.57; as to Plaintiff's counsel's request that the check be issued and payable directly to him, that portion of the motion is hereby **DENIED**.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 18th day of May 2018.

*[signature]*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE
